UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-289 |
| JOHN C. AUSTER | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment and Incorporated Memorandum of Law (Doc. #165) is **DENIED**.

### BACKGROUND

Defendant, John C. Auster, is a retired New Orleans Police Department officer currently receiving benefits as a result of a workman's compensation consent judgment rendered in 1989. Cannon Cochran Management Services, Inc. ("CCMSI") manages the claim for the City of New Orleans. Defendant was indicted in a superseding indictment with five counts of violating the Hobbs Act, 18 USC §1951, by allegedly transmitting threats of violence to CCMSI personnel for the purpose of preventing the adjustment of his worker's compensation benefits.[1] Defendant filed

---

[1] Title 18, Section 1951 provides in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or

a motion to dismiss the superseding indictment arguing that the superseding indictment should be dismissed because his alleged violations of the Hobbs Act do not involve the requisite connection to interstate commerce. Defendant argues that the pertinent acts all occurred in Louisiana: the CCMSI office was in New Orleans, the threatened employee worked in New Orleans, defendant discussed his threats with the psychotherapist in Metairie, and the psychotherapist communicated the threats from Metairie to New Orleans. In response to defendant's Motion for Bill of Particulars asking how his conduct affected interstate commerce within the meaning of the Hobbs Act, the government responded that CCMSI:

> is a corporation headquartered in Danville, IL, that engages in interstate commerce and Auster's threats of physical injury and death to CCMSI's employees affected their operations by generating employee fear and disrupting business operations in the New Orleans office.

---

extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section –

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of action or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all commerce over which the United States has jurisdiction.

Defendant argues that the only connection to interstate commerce is that CCMSI is headquartered in Danville, IL, and that this "incidental" fact cannot satisfied the requisite jurisdictional element.

The government opposes the motion arguing that the superceding indictment is sufficient on its face. The government argues that the superceding indictment sufficiently informs the defendant of the charges against him so that he can prepare a defense, or invoke the Double Jeopardy Clause if appropriate. The government claims that defendant's motion challenges the sufficiency of the evidence, and should be made as a motion for judgment of acquittal at the close of the government's case under Rule 29 of the Federal Rules of Criminal Procedure.

**ANALYSIS**

Under the Sixth Amendment, an indictment must "(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." U.S. v. Guzman-Ocampo, 236 F.3d 233, 235 (5th Cir. 2000) (quoting U.S. v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996)). Similarly, Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to "state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." These requirements ensure that the defendant has notice of the charges against him and that the grand jury found probable cause that the defendant committed each element of the offense. See Guzman-Ocampo, 236 F.3d at 235. Generally, an indictment that tracts the statutory language of the charged offense is constitutionally sufficient, as long as the statutory language unambiguously sets out all

of the necessary elements of the offense. See e.g., U.S. v. Hagemann, 950 F.2d 175, 183 (5th Cir. 1991); U.S. v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). An indictment that meets minimal constitutional standards is sufficient to warrant a trial of the charges on the merits. See Costello v. U.S., 76 S.Ct. 406, 409 (1956). Further, "[a]n indictment that alleges the interstate commerce element of a federal offense in conclusory terms, without setting forth evidentiary detail, is not insufficient." U.S. v. Gipson, 46 F.3d 472, 474 (5th Cir. 1995) (quoting U.S. v. Williams, 679 F.2d 504, 509 (5th Cir. 1982), cert. denied, 103 S.Ct. 742 (1983)).

The superceding indictment charges defendant with five counts of violating the Hobbs Act, 18 U.S.C. §1951. Each count identifies the statute that the defendant is accused of violating by number. Also, each count tracts the language of 18 U.S.C. §1951. Title 18, Section 1951 provides in pertinent part that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. §1951(a). Each count of the superseding indictment identifies a date upon which defendant allegedly:

> did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce . . . by extortion . . . in that defendant . . . did attempt to obtain the property of the City of New Orleans, the New Orleans Police Department, and CCMSI, with the consent of CCMSI having been induced by the wrongful use of threatened force, violence and fear. . .

4

It is clear that the superseding indictment enumerates the elements of the charged offense, fairly informs the defendant of the charges filed against him, and provides the defendant with a double jeopardy defense against future prosecutions. Thus, the superseding indictment is sufficient.

Defendant argues that the government will be unable to prove the connection to interstate commerce that is required to obtain a conviction for a Hobbs Act violation. Thus, defendant is challenging the adequacy of the government's evidence. An indictment that meets the sufficiency requirements cannot be challenged on grounds that the allegation are not supported by adequate evidence. United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975). A sufficiency of the evidence defense raises factual questions, and a court cannot dismiss an indictment under Federal Rule of Criminal Procedure Rule 12 based on such a defense. Id. (internal quotation omitted). "There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trail determination of sufficiency of the evidence . . . The sufficiency of a criminal indictment is determined from its face." U.S. v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). A defendant's first opportunity to test the strength of the government's proof by motion is at the end of the government's presentation of its case. See FED. R. CRIM. P. 29.

The superseding indictment against defendant is sufficient on its face. Defendant is attempting to challenge the government's proof of an element of the offense, namely that his alleged actions affected interstate commerce. Such a challenge to the evidence can be made at the close of the government's cases pursuant to Federal Rule of Criminal Procedure 29.

New Orleans, Louisiana, this __1st_ day of February, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**